Henry L. Saurborn, Jr. [HS-6583]
KAISER SAURBORN & MAIR, P.C.
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
(201) 353-4000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
PAUL ANTOGIOVANNI,

        Plaintiff,

  -against-                              **COMPLAINT**

MILLENNIUM HEALTHCARE, INC.,

        Defendant.
-------------------------------------------------------X

       Plaintiff, Paul Antogiovanni, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his complaint against the defendant, Millennium Healthcare Inc., alleges as follows:

### PARTIES, JURISDICTION and VENUE

    1.    Plaintiff, Paul Antogiovanni ("Plaintiff" Claimant or "Antogiovanni"), is a natural person, resident in Somerset County, New Jersey.

    2.    Defendant, Millennium Medical Devices LLC ("Millennium"), is a New York limited liability company, whose principal offices are located in Suffolk County, New York.

    3.    The original jurisdiction of this Court is founded upon 28 U.S.C. § 1332(a), in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

    4.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) and (3) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and/or the defendant is subject to this Court's personal jurisdiction.

## BACKGROUND FACTS

### A. *Mr. Antogiovanni's Employment*

5. On or about September 8, 2014, Millennium and Mr. Antogiovanni reached an agreement whereby Mr. Antogiovanni would leave his then-existing employment and join Millennium as Senior Vice President for Oncology Products.

6. The parties' agreement and the terms and conditions of Mr. Antogiovanni's employment were embodied in a written contract of employment, dated September 8, 2014 (the "Agreement"), a true copy of which is annexed hereto as Exhibit 1.

### B. *Millennium Breaches the Agreement by Refusing to Compensate Plaintiff According to its Terms*

7. Mr. Antogiovanni commenced his employment with Millennium on September 15, 2014 and thereafter provided services, primarily in New Jersey, until notified of his termination on April 6, 2015.

8. In accordance with Sections 4, 5 and 6 of the Agreement, in return for providing his services, Mr. Antogiovanni was to receive the following compensation:

   a. an annual base salary of $200,000, subject to increase in December of each year;

   b. a performance bonus of "up to 200% of his then current base salary";

   c. "500,000 restricted common shares of Millennium HealthCare Inc. (MHCC) company stock, which shall vest monthly in equal amounts over" the first 24 months of his employment;

   d. participation in any incentive compensation plans established by the Board of Directors;

   e. such fringe benefits as the company made available to its executive management generally, including paid vacation.

9. Under section 7 of the Agreement, Millennium was also required to reimburse Mr. Antogiovanni for all of his reasonable out of pocket expenses incurred on the company's behalf.

10. In addition, if Millennium were to terminate his employment for reasons other than "cause," then under Section 9, the company was required to pay Mr. Antogiovanni severance compensation of "two times [his] gross annual base salary (inclusive of bonus or incentive compensation) at the rate in effect on the date of termination . . . [as well as] continued coverage under the Company medical and dental plans . . for twenty-four months."

11. By April 6, 2015, Millennium had failed to: (i) pay Mr. Antogiovanni his base salary timely for more than two months, and was $36,666.67 in arrears, (ii) reimburse him for the reasonable out-of-pocket business expenses that he had incurred in performing services for the company and had submitted for payment, and (iii) issue the shares of Millennium HealthCare Inc. (MHCC) stock he had earned to date under the Agreement.

12. On multiple occasions, both verbally and in writing, Mr. Antogiovanni communicated with senior management to demand payment of the foregoing, and in return had received repeated assurances that it would be forthcoming.

13. However, Millennium did not remedy its defaults, in willful disregard of its legal obligations to Mr. Antogiovanni, and the monies and stock owed remained outstanding through April 6, 2015, when the company notified Mr. Antogiovanni through a letter from its attorney that it was terminating his employment, effective immediately.

### D.   *Millennium Terminates Mr. Antogiovanni's Employment Without Cause*

14. The April 6, 2015 termination letter asserts that Mr. Antogiovanni's separation

was for "cause" but without specifying or providing any details to support or substantiate the specific reason(s) or action(s) underlying that action.

15. As of the date of termination, Mr. Antogiovanni had not been convicted of or pled guilty to any crime, nor had Millennium notified him in writing of his failure to perform his assigned duties in accordance with the Agreement or as directed by the Board of Directors, or provided him with a 30-day period in which to cure as required by Sections 8(b) or 8(c) of the Agreement.

16. In fact, there then existed no grounds to support Millennium's termination of Mr. Antogiovanni's employment for "cause" as defined in Section 8(b) of the Agreement.

17. To the contrary, Mr. Antogiovanni's separation was without cause.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if set forth at length herein.

19. By reason of all or any of the foregoing, Defendant Millennium has breached the parties' Agreement.

20. As a consequence of Millennium's breach, Mr. Antogiovanni has suffered financial damages consisting of, among other things, outstanding wages, unreimbursed business expenses, accrued benefits and vacation pay, a Performance Bonus in accordance with Section 4(b) of the parties' Agreement, cash commissions for each OralCDX, Derm CDX, and VasoScan kit sold and collected in accordance with Section 4(d) of the parties' agreement, 500,000 shares of common stock of Millennium HealthCare Inc. (MHCC) in accordance with Section 5(b) of the parties' Agreement, separation benefits in accordance with Section 9 of the parties'

Agreement, applicable interest on any past due amounts, and attorneys fees and costs in accordance with Section 20 of the parties' Agreement.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if set forth at length herein.

22. By reason of the foregoing, plaintiff is entitled to an order and judgment of this Court declaring that the defendant is in breach of the parties' Agreement and is obligated to compensate Mr. Antogiovanni for his damages as set forth above in such amounts and on such terms as the Court may determine; (ii) that as a consequence of Millennium's breach and its subsequent repudiation of its obligation to pay severance, that all of the prospective severance compensation and benefits due Mr. Antogiovanni under Section 9 of the parties' Agreement be accelerated and immediately due and payable, and (iii) that Mr. Antogiovanni may enter judgment and have execution therefor.

## AS AND FOR A THIRD CAUSE OF ACTION
**(New York Labor Law)**

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if set forth at length herein.

24. In failing to pay the plaintiff his lawful wages and commissions, the defendant has breached the applicable portions of the New York Labor Law.

25. As a result thereof, the plaintiff has been damaged in a sum to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Account Stated)

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if set forth at length herein.

27. Defendant has held the statements rendered to it by plaintiff evidencing its debt to him for business expenses he incurred on the defendant's behalf without timely objection.

28. As a result thereof, the plaintiff has been damaged in a sum to be determined at trial, but believed to be no less than $9,907.42, plus interest and attorneys fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Quantum Meruit)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 as if set forth at length herein.

30. In accepting from the plaintiff services and the advancement of funds on its behalf of significant value without paying for same, defendant has been unjustly enriched to the substantial detriment of the plaintiff.

31. By reason of the foregoing, the defendant is liable to the plaintiff in an amount to be determined at trial, but believed to be no less than $150,000, plus interest and attorneys fees.

WHEREFORE, the plaintiff, Paul Antogiovanni, hereby demands judgment against defendant Millennium Medical Devices LLC, as follows:

(i) On his first cause of action, awarding damages against the defendant in an amount to be determined at trial, but no less than $471,215.46;

(ii) On his second cause of action, declaring that the defendant is in breach of the parties' agreement, awarding the plaintiff damages, and imposing such terms and conditions on defendant as the Court may determine;

(iii) On his third cause of action, awarding damages against defendant in an amount to be determined at trial, plus applicable liquidated damages;

(iv)   On his fourth cause of action, awarding damages against defendant in an amount to be determined at trial, but no less than $9,907.42;

(v)   On his fifth cause of action, awarding damages against defendant in an amount to be determined at trial, but no less than $150,000;

(vi)   Awarding applicable interest, costs and disbursements, and attorneys fees; and

(vii)   For such further relief as the Court deems just and proper.

Dated: Jersey City, New Jersey
       January 26, 2016

                        Kaiser Saurborn & Mair, P.C.
                        Attorneys for Plaintiff

By: _____/s/_____
     Henry L. Saurborn, Jr., Esq.

     3163 Kennedy Boulevard
     Jersey City, New Jersey  07306
     (201) 353-4000